Filed 9/15/22  P. v. Elias CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RANDINA CHRISTINE ELIAS,<br><br>Defendant and Appellant. | F083973<br><br>(Super. Ct. No. F21902675)<br><br>**OPINION** |

---

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Meehan, J. and DeSantos, J.

Appointed counsel for defendant Randina Christine Elias asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of her right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## BACKGROUND

On April 1, 2021, defendant's ex-boyfriend and father of their two teenaged children drove defendant and the children to a fast food restaurant for lunch. Defendant was intoxicated. The ex-boyfriend heard her whisper, " 'Get ready to die. Don't worry it's not going to hurt a bit.' " When he asked her if she was all right, she answered, " 'No, not really.' " When they arrived back at defendant's residence, defendant removed a hammer from her purse and swung it three times at the ex-boyfriend's head, hitting both of his hands as he tried to protect his head. The two children grabbed defendant so the ex-boyfriend could get out of the vehicle. Defendant then got out and walked away. Later, defendant admitted she drank four shots of vodka and smoked a bowl of methamphetamine before the incident. She said she intended only to " 'shock' " her ex-boyfriend, not to kill him.

On April 5, 2021, the Fresno County District Attorney charged defendant with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1);[1] count 1), domestic violence (§ 273.5, subd. (a); count 2), and misdemeanor child abuse (§ 273a, subd. (a); count 3).

On January 7, 2022, defendant pled no contest to count 1 in exchange for a maximum sentence of two years.

---

[1]     All statutory references are to the Penal Code.

On February 7, 2022, the trial court sentence defendant to the low term of two years on count 1, awarded 389 days of custody credits, and imposed various fines and fees.

On February 14, 2022, defendant filed a notice of appeal.

## **DISCUSSION**

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.